IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| WILLIAM E. BECKHAM,<br>652 Luthardt Road<br>Middle River, MD 21220,<br><br>    Plaintiff<br><br>v.<br><br>NATIONAL RAILROAD PASSENGER<br>  CORPORATION<br>60 Massachusetts Avenue, N.E.<br>Washington, D.C. 20002<br><br>    and<br><br>MARYLAND TRANSIT ADMINISTRATION<br>6 Saint Paul Street, Suite 303<br>Baltimore, MD 21202<br><br>    Defendants. | Civil Action No. ____<br><br>**[Jury Trial Demanded)** |

**COMPLAINT FOR DECLARATORY JUDGMENT,
PERMANENT INJUNCTIVE RELIEF, AND DAMAGES**

**I.   NATURE OF CONTROVERSY**

1.   Plaintiff, William E. Beckham, brings this action against The National Railroad Passenger Corporation ("Amtrak") and the Maryland Transit Administration ("MTA") to redress injuries he has suffered, is suffering, and will continue to suffer as a result of their racially discriminatory conduct. Plaintiff seeks relief under § 1 of the Civil

Rights Act of 1866, 42 U.S.C. § 1981, as amended, Titles II and VI of the 1964 Civil Rights Act, as amended, 42 U.S.C. § 2000a and under the common law of negligence.

2. By their actions, Amtrak and the MTA have denied Plaintiff the right to make and enforce contracts on the same basis as white citizens in violation of 42 U.S.C. § 1981; denied him the right to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations on MARC trains because of his race or color in violation of Title II, 42 U.S.C. § 2000a; and denied him the right to be free from racially discriminatory behavior in programs or activities receiving Federal financial assistance in violation of Title VI, 42 U.S.C. § 2000d.

3. Plaintiff seeks declaratory and injunctive relief, compensatory and punitive damages, and an award of attorney's fees and costs to redress Amtrak's and MTA's racially discriminatory conduct.

## II. JURISDICTION AND VENUE

4. This Court may exercise jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 2000a-6.

5. Pursuant to 28 U.S.C. § 1391, venue properly lies in this judicial district in which Defendants conduct their transportation business.

## III. PARTIES

6. Plaintiff William E. Beckham is an African-American citizen of the United States and a resident of the State of Maryland. He regularly commutes on MARC trains to and from his home in Maryland to his place of employment in the District of Columbia.

7. Defendant Amtrak, which is incorporated under the Rail Passenger Act of 1970, 45 U.S.C. § 501 et seq., maintains its principal place of business in the District of Columbia. Amtrak, which provides passenger rail service to more than five hundred (500) stations in forty-four (44) states, operates the MARC Penn Line (on which Plaintiff regularly commutes) in accordance with an Agreement with MTA. Amtrak is a place of public accommodation under 42 U.S.C. § 2000a and an agency subject to suit under 42 U.S.C. § 1981.

8. Defendant MTA, an agency created under the statutory jurisdiction of the Maryland Department of Transportation, provides passenger rail and bus service to several stations in Maryland and the District of Columbia. MTA is a place of public accommodation under 42 U.S.C. § 2000a and also an agency subject to suit under 42 U.S.C. § 1981.

9. Defendants maintain actual and/or constructive control, oversight, and/or direction over their transportation operations at their various locations. The acts described in this Complaint were authorized, ordered, performed or condoned by Defendants' officers, agents, employees and/or representatives while actively engaged in the conduct and management of their transportation business.

## IV. FACTS

### A. The Incident Of August 2, 2006

10. On August 2, 2006, Mr. Beckham was traveling on the Amtrak-operated MARC Penn Line (car # 7854), which left Washington, DC's Union Station at 5:25 p.m.

He was standing near the stairs on the last car of the train because no seats were available. White passengers also were standing in the vicinity.

11. After the train reached the Baltimore Washington International (BWI) station, and passengers disembarked, a Caucasian train conductor, Mr. Smith, ordered Mr. Beckham to move to the next car where there were allegedly about "300 seats." Plaintiff responded to Mr. Smith "300 seats uh." Conductor Smith said that Plaintiff could leave the train at BWI to which he (Mr. Beckham) replied that he was not Mr. Smith's "child" and should not be treated as a child. Plaintiff attempted unsuccessfully to find a seat in the next car and so advised Mr. Smith. Conductor Smith said that the train would not leave the station until Plaintiff complied with his order. Conductor Smith informed other passengers that Plaintiff was delaying the train. Conductor Smith then restated that the train would not move until Mr. Beckham was seated.

12. When the train arrived at Penn Station in Baltimore, Amtrak police were waiting on the platform. Conductor Smith ordered Mr. Beckham to leave the train and speak with the police. Mr. Beckham attempted to explain his version of the incident to the Caucasian Amtrak police officers, one of whom may have been Mr. Dapp (badge # 243). The Officer stated very loudly that he "did not care what had happened." Caucasian passengers have not been required to meet with police.

13. Conductor Smith and the Officer exhibited rude behavior throughout the August 2 incident, which caused Mr. Beckham extreme embarrassment and humiliation.

### B. The Incident Of August 15, 2006

14. On August 15, 2006, Plaintiff was riding the 5:25 MARC train ("the 5:25") in car # 7854. A Caucasian female passenger was sitting on the lower level stairs. Conductor Smith checked her ticket, but said nothing regarding her apparent violation of the rule against sitting on the stairs while the train was moving. An African-American female passenger, who was sitting on the upper level stairs, was instructed by Conductor Smith to move off the stairs.

15. Upon observing the differential treatment, Plaintiff said to Conductor Smith: "It is interesting that you said nothing to the white woman on the steps while you made the black woman move." In response, Conductor Smith threatened that if Plaintiff continued to cause trouble, he would "have to find another way home." Plaintiff replied that he was simply expressing an opinion, rather than causing trouble.

16. When the train reached the BWI station, Officer Dapp boarded the train and instructed Plaintiff to follow him onto the platform. Plaintiff asked Officer Dapp what the charge was to which he (Dapp) replied "there is no charge." Officer Dapp said, however, that if Plaintiff continued to be "disorderly," he would be charged and prosecuted criminally. Plaintiff attempted to explain his side of the story, but Officer Dapp sharply instructed him to be quiet, while holding his hand out in front of Plaintiff's face.

### C. The Incident Of August 17, 2006

17. On August 17, 2006, Plaintiff was riding the 5:25 from Union Station. A white female passenger and he were standing in the upper level aisle as the train arrived

at the BWI station. Conductor Smith ordered Plaintiff to find a seat somewhere, but said nothing to the white female passenger standing alongside him. Plaintiff asked Conductor Smith in a courteous manner why he, but not the white female passenger, was required to leave the aisle (in the upper level of the car next to the last car).

18. Conductor Smith thereupon ordered Plaintiff off the train without cause or provocation. When Plaintiff declined to do so, Smith disembarked, returning shortly thereafter with Officer Dapp, who ordered Plaintiff off the train. Plaintiff asked Officer Dapp -- while still standing near the white female passenger -- what the problem was, noting that a white female passenger was allowed to stay in the upper level aisle. Officer Dapp replied that he did not "care" and again ordered Plaintiff off the train. Plaintiff complied with the order.

19. After Plaintiff disembarked, Officer Dapp accused him of causing trouble and said that he could not re-board, but would have to take the next train. Plaintiff attempted to explain to Officer Dapp what happened, but Dapp again said he did not "care." Plaintiff asked Officer Dapp on what grounds he was ordered off the train, to which Dapp replied: "Because the conductor asked that you be taken off the train and I do what the conductor tells me to do because it is his train."

### D. The Incidents Of September 18 and 28, 2006

20. On September 18, 2006, Plaintiff was videotaping the exterior of the 5:25 MARC train. Plaintiff did not impede or disturb MARC passengers or personnel. Nonetheless, Conductor Smith summoned two Amtrak police officers to board the 5:25 and instruct Plaintiff that videotaping was allegedly contrary to Amtrak regulations.

21. On September 28, 2006, Plaintiff was videotaping the interior of a car on the 5:25 commonly known as the "party" car. A white female passenger, who was sitting on the lap of a white male passenger, jumped from his lap; began to verbally berate Plaintiff for videotaping; and then physically assaulted him. As Plaintiff attempted to explain to her why he was videotaping, she continued to berate him.

22. As a result of the incident, Plaintiff was ordered off the 5:25 at Penn Station by Amtrak police, and criminally charged with disorderly conduct, an offense punishable by 60 days' imprisonment and/or a $500 fine. The white, female passenger who sparked the incident was neither ordered off the train, arrested, charged, nor even warned by Defendants about her behavior.

23. On information and belief, Conductor Smith has never called the Amtrak police on white passengers for allegedly violating its rules. Also on information and belief, Defendants were aware at relevant times that Conductor Smith and/or Officer Dapp have been the subject of prior complaints of race discrimination and related offenses, particularly with regard to the treatment of passengers, but Defendants have taken no action, or no effective action, to discipline Conductor Smith and/or Officer Dapp or to correct their unlawful behavior.

24. As a result of Defendants' discriminatory actions, including their racially disparate enforcement of rules, and their failure to properly train or supervise their employees, as set forth above, Mr. Beckham has suffered extreme harm.

## COUNT I

### (Violation of the Fifth and Fourteenth Amendments to the United States Constitution)

25. Plaintiff reallages and incorporates by reference ¶¶ 1-24.

26. By the conduct described above, Defendants have deprived Plaintiff of his liberty without due process of law and denied him the equal protection of the laws, in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

27. Defendants' conduct has been intentional, deliberate, willful and in callous disregard of Plaintiff's constitutional rights.

28. As a consequence of Defendants' unconstitutional actions, Plaintiff is entitled to the legal and equitable remedies available under the Fourteenth Amendment, including, but not limited to, damages for mental anguish and punitive damages.

## COUNT II

### (Violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981)

29. Plaintiff realleges and incorporates by reference ¶¶ 1-28.

30. By the conduct described above, Amtrak and MTA have denied Plaintiff William E. Beckham the same rights in the making, performance, modification and termination of contracts as are enjoyed by white citizens of the United States, in violation of 42 U.S.C. § 1981, as amended.

31. Defendants' conduct has been intentional, deliberate, willful and in callous disregard of Plaintiff's rights.

32. As a consequence of Defendants' illegal discrimination, Plaintiff is entitled to the legal and equitable remedies available under § 1981, including, but not limited to, damages for mental anguish and punitive damages.

## COUNT III

### (Violation of the Civil Rights Act of 1866, 42 U.S.C. § 1983)

33. Plaintiff realleges and incorporates by reference ¶¶ 1-32.

34. By the conduct described above, including, in particular, the deprivation of Mr. Beckham's liberty, Amtrak and MTA, acting under color of state law, custom or usage, have subjected Plaintiff to the deprivation of rights, privileges and immunities secured by the United States Constitution and federal statutory law, in violation of 42 U.S.C. § 1983.

35. Defendants' conduct has been intentional, deliberate, willful and in callous disregard of Plaintiff's rights.

36. As a consequence of Defendants illegal conduct, Plaintiff is entitled to the legal and equitable remedies available under § 1983, including, but not limited to, damages for mental anguish and punitive damages.

## COUNT IV

### (Violation of Title II of The Civil Rights Act of 1964, 42 U.S.C. § 2000a)

37. Plaintiff realleges and incorporates by reference ¶¶ 1-36.

38. Amtrak and MTA are "places of public accommodation" within the meaning of 42 U.S.C. § 2000a(b)(2).

39. The operations of Amtrak and MTA "affect commerce" within the meaning of 42 U.S.C. § 2000a(c)(2).

40. By their actions described above, Defendants have denied Plaintiff the full and equal enjoyment of goods, services, facilities, privileges, advantages, and accommodations on the basis of race in violation of 42 U.S.C. § 2000a.

41. MTA's conduct has been racially disparate, intentional, deliberate, willful, and in callous disregard of Plaintiff's rights.

42. By virtue of Defendants' illegal discrimination, Plaintiff is entitled to the legal and equitable remedies available under 42 U.S.C. § 2000a.

## COUNT V

### (Violation of Title VI of The Civil Rights Act of 1964, 42 U.S.C. § 2000d)

43. Plaintiff realleges and incorporates by reference ¶¶ 1-42.

44. Amtrak and MTA are "programs" or "activities," within the meaning of 42 U.S.C. § 2000d, receiving Federal financial assistance.

45. Plaintiff is an intended beneficiary of the federal government's spending programs.

46. By the conduct described above, Defendants have denied Plaintiff the full benefits of the federally assisted program and have subjected him to discrimination on the basis of race, in violation of 42 U.S.C. § 2000d.

47. Defendants' conduct has been racially disparate, intentional, deliberate, willful and in callous disregard of Plaintiff's rights.

48. By virtue of Defendants' illegal discrimination, Plaintiff is entitled to the legal and equitable remedies available under 42 U.S.C. § 2000d.

## COUNT VI

### (False detention)

49. Plaintiff realleges and incorporates by reference ¶¶ 1-48.

50. By the conduct described above, Defendants have deprived Plaintiff of his liberty without adequate justification or cause.

51. As a result of Defendants' illegal conduct, Plaintiff has suffered extreme harm, including severe emotional distress.

## COUNT VII

### (Negligent training and supervision)

52. Plaintiff realleges and incorporates by reference ¶¶ 1-51.

53. Amtrak and MTA have a common law obligation to exercise due care in properly training and supervising their employees, including, in particular, Conductor Smith and Officer Dapp. The duty is owed to their passengers among others.

54. As reflected by the actions of Conductor Smith and Officer Dapp described above, Defendants have breached their obligation.

55. As a result of Defendants' breach, Plaintiff has suffered extreme harm.

**WHEREFORE**, Plaintiff requests the following relief:

A. Entry of a declaratory judgment finding that the actions of Amtrak and MTA alleged in this Complaint violate 42 U.S.C. §§ 1981, 2000a and 2000d as well as their common law duties;

-11-

B.     Entry of a permanent injunction barring Amtrak and MTA from continuing to engage in the illegal discrimination described in this Complaint;

C.     Entry of a permanent injunction directing that Amtrak and MTA properly train and supervise their employees and otherwise implement affirmative measures to remedy the effects of their illegally discriminatory conduct and to prevent repeated occurrences in the future;

D.     Award Plaintiff compensatory damages, including damages for mental anguish, in an amount supported by proof at trial;

E.     Award Plaintiff punitive damages in an amount sufficient to punish Amtrak and MTA for the willful, wanton and reckless misconduct described in this Complaint and to deter effectively future discriminatory behavior on Defendants' part;

F.     Award Plaintiff reasonable attorneys' fees and costs; and

G.     Provide Plaintiff other appropriate relief.

## JURY DEMAND

Plaintiff demands trial by jury on issues triable of right to a jury.

Respectfully submitted,

**LAW OFFICES OF STEVEN C. KAHN**

By: _____

Steven C. Kahn
5028 Wisconsin Avenue, N.W.
Suite 300
Washington, DC 20016
(202) 537-6789

**CONNOLLY, RODGERS & SCHARMAN, LLC**

By: _____

Clifford Scharman
5028 Wisconsin Avenue, N.W.
Suite 300
Washington, DC 20016
(202) 537-6789

Attorneys for Plaintiff

Date: November 8, 2006

1920

RJL

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

### I (a) PLAINTIFFS
William E. Beckham

### DEFENDANTS
National Railroad Passenger Corporation and Maryland Transit Administration

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

CASE NUMBER 1:06CV01920

JUDGE: Richard J. Leon

DECK TYPE: Civil Rights (non-employment)

DATE STAMP: 11/09/2006

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Law Offices of Steven C. Kahn
5028 Wisconsin Ave., NW, Ste 34
Washington, DC 20016 (202-537-6789

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ☐ A. *Antitrust*
☐ 410 Antitrust

### ☐ B. *Personal Injury/Malpractice*
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. *Administrative Agency Review*
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ☐ E. *General Civil (Other)* OR ☐ F. *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ G. *Habeas Corpus/ 2255*<br>☐ 580 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☒ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☒ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
42 U.S.C. §§ 1981, 1983, allege racially discriminatory denial of plaintiff's right to equal enjoyment of transportation services.

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ _____   Check YES only if demanded in complaint   JURY DEMAND: ☒ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  ☐ YES  ☒ NO  If yes, please complete related case form.

DATE 11/9/06  SIGNATURE OF ATTORNEY OF RECORD  *Steven C. K____*

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.