IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WILLIAM E. BECKHAM, | * | |
| Plaintiff | * | |
| v. | * | Case No. 1:06CV01920 RJL |
| | | Judge Richard J. Leon |
| NATIONAL RAILROAD PASSENGER CORP. | * | |
| | * | |
| And | | |
| | * | |
| MARYLAND TRANSIT ADMINISTRATION, 6 Saint Paul Street Baltimore, Maryland 21202 | * | |
| | * | |
| Defendants | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**<u>MOTION TO DISMISS FOR IMPROPER VENUE, OR IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE AND MOTION TO EXTEND TIME TO RESPOND TO THE COMPLAINT</u>**

The Maryland Transit Administration ("MTA"), Defendant, by its attorney, Callista M. Freedman, General Counsel, moves that this Court dismiss this action for improper venue pursuant to 28 U.S.C.A. § 1391(b). If this Court finds venue proper, the Defendant requests this Court transfer the action under 28 U.S.C.A. § 1404(a) to the District of Maryland, Northern Division, on the following grounds:

1.  The material allegations predicating the Plaintiff's claims arose in the District of Maryland, Northern Division. The only factual allegation relating to the District for the District of Columbia was that trains arrive and depart from the location, but the conduct alleged occurred in Maryland. (Compl. ¶¶ 6, 10[1]). Under 28 U.S.C.A § 1391(b)(2), the District of Maryland, Northern Division, would have been a proper court

---

[1] References to the Plaintiff's Complaint will be cited as "Compl." with the paragraph number.

to file a lawsuit containing the Plaintiff's allegations because substantially all of the alleged material events occurred in this jurisdiction.

2. An action not based solely on diversity may only be brought in a judicial district where any defendant may be found if no other judicial district is proper. 28 U.S.C.A. § 1391(b)(3). Venue is proper in a judicial district where a substantial part of the events giving rise to the claim occurred. 28 U.S.C.A. § 1391(b)(2). As shown by the Plaintiff's Complaint, substantially all the events alleged by the Plaintiff occurred in the District of Maryland, Northern Division. Though National Railroad Passenger Corporation's ("Amtrak") headquarters is located in the District of Columbia, the location of one defendant's headquarters is not sufficient to create proper venue when another proper forum is expressly provided in the rule.

3. If this Court does not dismiss this action, the Court should transfer the lawsuit under 28 U.S.C.A § 1404(a) if the interest of justice and the convenience of parties and witnesses support transfer to a judicial district where venue is proper.

4. Under the factors considered by courts in determining whether the interest of justice supports a transfer, the District for the District of Columbia has neither meaningful ties to this controversy nor a particular interest in the parties or subject matter. *See Brannen v. Nat'l R.R. Passenger Corp.*, 403 F.Supp.2d 89, 93 (D. D.C. 2005). All of the events described by the Plaintiff's Complaint occurred in the State of Maryland and largely involve Maryland residents. The location of the Defendant Amtrak's headquarters in the District of Columbia is not connected to the alleged material events at issue in this action and this, as the sole factor tying this matter to the District of Columbia, is insufficient to maintain this action in the District of Columbia.

5. Two factors a court should weigh in determining whether transfer is in the interest of justice under 28 U.S.C.A. § 1404(a) are the transferee court's familiarity with the governing laws and the local interest in deciding local controversies. *Brannen*, 403 F.Supp.2d at 93. As the jurisdiction where all material events occurred, the common law claims alleged by the Plaintiff would be governed by the law of the State of Maryland. (*See* Compl. ¶¶ 1, 49-55). A Maryland court will also be better suited to apply Maryland law and the community standards of the jurisdiction. Further, a jury, if it becomes necessary, would consist of Maryland residents. *Brannen*, 403 F.Supp.2d at 96.

6. Under 28 U.S.C.A. § 1404(a), the convenience of witnesses and the convenience of parties would not be adversely affected by transfer to the District of Maryland, Northern Division. The Plaintiff and the MTA, a Maryland State agency, reside in the District of Maryland, Northern Division. The expected witnesses, such as the Plaintiff, MTA officials, and Maryland residents commuting from Maryland to the District of Columbia on the MARC train, reside in the State of Maryland. Amtrak officials in the District of Columbia would not need to travel far to appear in the Northern Division of the Maryland federal court in Baltimore.

7. Though a court may give deference to the Plaintiff's choice of forum if that forum is proper, a court gives substantially less deference when the preferred forum is not the Plaintiff's home forum. *Brannen*, 403 F.Supp.2d at 93. For those reasons noted above, venue is not proper in Plaintiff's choice of forum. The District of Maryland, Northern Division, is the Plaintiff's home forum and, therefore, no deference is required by this Court.

8. Defendant Amtrak does not object to transferring this action to the United States District Court for the District of Maryland if the Court does not dismiss the lawsuit.

9. In addition, while the Court decides the proper venue for this action, the Defendants respectfully request an extension of time to file a motion to dismiss and/or to answer the Plaintiff's Complaint. The Defendants request at least 30 days from the date of the Order related to the proper venue for this action or from the completion of a transfer to the United States District Court for the District of Maryland, whichever is later.

**THEREFORE**, venue is improper in the District for the District of Columbia under 28 U.S.C.A. § 1391(b) and this action should therefore be dismissed. If this Court does not dismiss this action, the interest of justice and the convenience of witnesses and parties is best served by a transfer to the District of Maryland, Northern Division, under the standards provided by 28 U.S.C.A. § 1404(a).

Respectfully submitted,

_____/s/_____
Callista Freedman
General Counsel
Maryland Transit Administration
6 Saint Paul Street, 12th Floor
Baltimore, Maryland 21202-1614
Telephone: (410) 767-3872
Facsimile: (410) 333-2584
E-mail: cfreedman@mtamaryland.com
D.C. Bar No. : 448471

Attorney for Defendant MTA

**PROOF OF SERVICE**

I HEREBY CERTIFY that on this 28th day of November, a copy of the foregoing Motion to Dismiss for Improper Venue, or in the Alternative, Motion to Transfer Venue and Motion for Extension of Time and proposed orders were served by the electronic filing system and U.S. Mail, postage prepaid, to Steven C. Kahn and Clifford Scharman 5028 Wisconsin Avenue, N.W., Suite 300, Washington, D.C. 20016, attorneys for Plaintiff, and Keith Fischler and Desmond McIlwain, Kruchko & Fries, 1750 Tysons Boulevard, Suite 560, McLean, Virginia, 22102, attorneys for Co-Defendant.

_____/s/_____
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WILLIAM E. BECKHAM, | * | |
| Plaintiff | * | |
| v. | * | Case No. 1:06CV01920<br>Judge Richard J. Leon |
| NATIONAL RAILROAD<br>PASSENGER CORP. | * | |
| | * | |
| And | | |
| | * | |
| MARYLAND TRANSIT<br>ADMINISTRATION, | | |
| | * | |
| Defendants | | |

\* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

Upon review of the Maryland Transit Administration's Motion to Dismiss for Improper Venue, and any opposition thereto, it is this ___ day of _____, 200_,

HEREBY GRANTED

_____
Judge Richard J. Leon

cc:

Steven C. Kahn, Esq.
Clifford Scharman, Esq.
Law Offices of Steven C. Kahn
5028 Wisconsin Avenue, N.W., Suite 300
Washington, D.C. 20016
Attorneys for Plaintiff

Keith Fischler, Esq.
Desmond McIlwain, Esq.
Kruchko & Fries
1750 Tysons Boulevard, Suite 560
McLean, Virginia, 22102
Attorneys for Co-Defendant N.R.P.C.

Callista Freedman, Esq.
Office of Counsel
Maryland Transit Administration
6 Saint Paul Street, 12th floor
Baltimore, Maryland 21202

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WILLIAM E. BECKHAM, | * | |
| Plaintiff | * | |
| v. | * | Case No. 1:06CV01920<br>Judge Richard J. Leon |
| NATIONAL RAILROAD<br>PASSENGER CORP. | * | |
| | * | |
| And | | |
| | * | |
| MARYLAND TRANSIT<br>ADMINISTRATION, | | |
| | * | |
| Defendants | | |

\* \* \* \* \* \* \* \* \* \* \* \*

**ORDER**

Upon review of the Maryland Transit Administration's Motion to Transfer Venue to the District of Maryland, Northern Division, and any opposition thereto, it is this ___ day of _____, 200_,

HEREBY GRANTED

___ days from the date of this Order, the Defendants shall file a responsive pleading to the Complaint.

_____
Judge Richard J. Leon

cc:

Steven C. Kahn, Esq.
Clifford Scharman, Esq.
Law Offices of Steven C. Kahn
5028 Wisconsin Avenue, N.W., Suite 300
Washington, D.C. 20016
Attorneys for Plaintiff

Keith Fischler, Esq.
Desmond McIlwain, Esq.
Kruchko & Fries
1750 Tysons Boulevard, Suite 560
McLean, Virginia, 22102
Attorneys for Co-Defendant N.R.P.C.

Callista Freedman, Esq.
Office of Counsel
Maryland Transit Administration
6 Saint Paul Street, 12th floor
Baltimore, Maryland 21202