## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

WILLIAM E. BECKHAM,                    *

      Plaintiff                    *

v.                                      *

NATIONAL RAILROAD                       *    Case No. 1:06CV01920 RLJ
      PASSENGER CORP.                      Judge Richard J. Leon
                                        *

and                                     *

MARYLAND TRANSIT                        *
      ADMINISTRATION,               *

      Defendants                   *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

### DEFENDANT MTA'S RESPONSE TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS FOR IMPROPER VENUE, OR IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE

The Maryland Transit Administration ("MTA"), Defendant, by and through its

General Counsel, Callista M. Freedman, responds to the Memorandum in Opposition to

its Motion to Dismiss for Improper Venue, or in the Alternative, Motion to Transfer

Venue as follows.

I.      **Venue in the District of Columbia Remains Improper**

In a federal lawsuit not based solely on diversity, venue is proper in a judicial district

where a defendant resides if all defendants reside in the same State. 28 U.S.C.A.§

1391(b)(1). Venue is also proper where a substantial part of the events giving rise to the

claim arose. 28 U.S.C.A. § 1391(b)(2). Lastly, venue is proper in the judicial district

where any defendant may be found if no other venue is proper. 28 U.S.C.A. §

1391(b)(3).

The Plaintiff has sued a resident of the District of Columbia, the National Railroad

Passenger Corporation ("Amtrak"), and the MTA, an agency of the State of Maryland

and a Maryland resident. The Plaintiff's choice of venue in the U.S. District Court for

the District of Columbia is, therefore, improper under 28 U.S.C.A. § 1391(b)(1). Venue

in the District of Columbia is also improper under 28 U.S.C.A. § 1391(b)(3) because

venue is proper in the District of Maryland under 28 U.S.C.A. § 1391(b)(2). The

Plaintiff, a Maryland resident, complains of events on five days that all occurred in

Maryland. (*See, generally*, Plaintiff's Complaint for Declaratory Judgment, Permanent

Injunctive Relief, and Damages[1]). Substantially all the relevant events occurred outside

the territorial limits of the District Court for the District of Columbia. The Plaintiff's

Complaint should, therefore, be dismissed.

A. <u>MTA and Amtrak Do Not Reside in the Same State</u>

1. <u>A State Agency Resides in the Judicial District of its Offices</u>

The MTA and Amtrak do not reside in the same State under 28 U.S.C.A §

1391(b)(1). The venue statute was not intended to permit forum shopping by permitting

suit against a government agency or official wherever the official or agency could be

found. *Hartke v. Fed. Aviation Admin.*, 9 F. Supp. 741, 746 (D. N.Y 1973).[2] Unlike a

corporation, which can be sued in any judicial district it may be found, 28 U.S.C. §

1391(c), the official residence of a public official or agency is where its, his, or her

offices are located. *Id.* Though a State agency may reside in different districts if a

satellite office performs a substantial amount of its business, federal courts consider

---

[1] The Plaintiffs Complaint will be referenced hereinafter as "Compl." Followed by the paragraph number.
[2] The federal venue statute includes a subsection (e), which applies specifically to federal agencies and employees. The subsection, however, uses the term "resides" in the same manner as subsection (b), which is at issue in this case.

government agencies or officials to reside only in the judicial district of its main offices. *Nestor v. Hershey*, 425 F.2d 504, 521 (D.C. Cir. 1969); *Butterworth v. Hill*, 114 U.S. 128, 132, 5 S.Ct. 796, 798 (1885); *Fla. Nursing Home Ass'n v. Page*, 616 F.2d 1355, 1360 (5th Cir. 1980) *rev'd on other grounds*, 450 U.S. 147, 101 S.Ct. 1032 (1981); *St. Germain v. Pa. Liquor Control Bd.*, 1999 WL 79500, *2 (E.D. Pa. 1999)(Unpublished).

The MTA is a State agency maintaining its offices in Baltimore, Maryland. MTA does not perform a substantial amount of its public duties in any office located in the District of Columbia. Indeed, MTA does not have any offices in the District of Columbia. Therefore, MTA resides only in the Northern Division of the U.S. District Court for the District of Maryland for the purposes of the federal venue statute. The Plaintiff cannot rely upon 28 U.S.C.A. § 1391(b)(1) to invoke venue in the District Court for the District of Columbia.

### 2. Plaintiffs May Not Rely Upon Securities Law to Create Proper Venue

No "co-conspirator" or "joint tortfeasor" theory is available to the Plaintiff in interpreting 28 U.S.C.A. § 1391(b)(1). Venue for actions under the Securities Exchange Act of 1934 is invoked pursuant to 15 U.S.C.A. § 78aa, which provides, in part:

> Any suit or action to enforce any liability or duty created by this chapter or rules and regulations thereunder, or to enjoin any violation of such chapter or rules and regulations, may be brought in any such district or in the district wherein the defendant is found or is an inhabitant or transacts business, and process in such cases may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found.

The plain language of this statute supports a co-conspirator theory of venue because a scheme to defraud would have two or more parties transacting business in the location of any co-conspirator. *See Sec. & Exch. Comm'n v. Nat'l Student Mktg. Corp.*, 360 F. Supp. 284, 292 (D. D.C. 1973). The provision of the federal venue statute relied upon by the

3

Plaintiff in this respect does not support equal application. 28 U.S.C.A. §

1391(b)(1)(Venue is proper in "a judicial district where any defendant resides, if all

defendants reside in the same State"). Congress drafted two different venue

authorizations that must be interpreted independently. The provision authorizing venue

for defendants residing in the same state does not use the broad terms "may be found" or

"transacts business." No co-conspirator venue authorization is available in 28 U.S.C.A. §

1391(b)(1).

    B. <u>Events Occurring in the District of Columbia, If Any, are Insubstantial</u>

    For venue to be proper under 28 U.S.C.A. § 1391(b)(2), a substantial amount of the

relevant events must occur in the judicial district. In interpreting this provision, a federal

court should not read the statute as providing plaintiffs with unfettered access to a host of

different districts. *Leroy v. Great W. United Corp.*, 443 U.S. 173, 185, 99 S.Ct. 2710,

2717 (1979).[3] Though the majority of events do not need to occur in a judicial district to

acquire proper venue under 28 U.S.C.A. § 1391(b)(2), a significant amount of the events

nonetheless must occur in the judicial district. *See Nat'l Council on Comp. Ins., Inc. v.

Caro & Graifman*, 259 F. Supp.2d 172, 177 (D. Conn. 2003). Acts must be more than

tangentially connected to a judicial district to qualify as "substantial" under the federal

venue statute. *Siegel v. Homestore, Inc.*, 255 F. Supp.2d 451, 455 (E.D. Pa. 2003). The

test for determining venue is not a defendant's "contacts" with a particular district, but

the location of those events giving rise to the claim. *Id.* at 456.

    Whether or not any of the Plaintiff's allegations describe discriminatory acts, the

factual allegations fail to rise to the level of an overall failure in the Amtrak organization

---

[3] Though Congress amended 28 U.S.C.A. § 1391 in 1990, federal courts still consider the principles
announced in *Leroy* to be important sources of guidance. *Bates v. C & S Adjusters, Inc.*, 980 F.2d 865,
867 (2d Cir. 1992).

to properly train its staff. The Plaintiff alleges five discrete incidents arising between one Amtrak conductor and himself. (*See, generally*, Compl.) If, *arguendo*, the Plaintiff could connect his allegations to Amtrak's headquarters, this connection fails to constitute a substantial or significant portion of the Plaintiff's factual allegations. A tangential connection to executives in the District of Columbia does not remove the locus of substantially all of the events from Maryland.

All the factual averments alleged in the Complaint occurred in the State of Maryland. The transportation services are provided by and at the direction and expense of the MTA from its Baltimore offices. The Plaintiff concedes that Amtrak maintains oversight and control over its transportation services at various locations. (Compl. ¶ 9). The Plaintiff's Complaint fails to meet the exacting standard created by 28 U.S.C.A. § 1391(b)(2). Consequently, the Plaintiff cannot base venue upon this provision.

Venue is improper in the U.S. District Court for the District of Columbia. This Court should, therefore, grant MTA's Motion to Dismiss the Plaintiff's Complaint.

## II.    The Interests of Justice Demand Transfer to the District of Maryland

A court may transfer a lawsuit to a judicial district where the action originally could have been brought for the convenience of parties and witnesses if the transfer serves the interest of justice. 28 U.S.C.A. § 1404(a). If this court does not dismiss this action for improper venue, the convenience of the parties and witnesses and the interests of justice weigh heavily in favor of a transfer to the U.S. District Court for the District of Maryland. The required individualized, case-by-case determination of convenience and fairness, *Schmidt v. Am. Inst. of Physics*, 322 F. Supp.2d 28, 31 (D. D.C. 2004), should lead this Court to grant the Defendant's Motion to Transfer.

A. No Deference is Owed to Plaintiff's Choice of Forum

Though a Plaintiff's choice of forum should not be disturbed without cause, the change of venue statute does not provide any presumption toward the plaintiff's choice. 28 U.S.C.A. § 1404(a). In fact, generally, Congress has skewed venue rules strongly in favor of the defendant's needs. *See* 28 U.S.C.A. § 1391. Courts give very little weight to a plaintiff's choice of forum when the plaintiff chooses a forum that is not his or her home forum. *Brannen v. Nat'l R.R. Passenger Corp.*, 403 F. Supp. 2d 89, 93 (D. D.C. 2005). The Plaintiff's home forum, the District of Maryland, is proper and appropriate in this case. This Court owes the Plaintiff's choice of venue no deference and should instead balance the factors of public interest and convenience.

B. Transfer serves the interests of justice

Convenience factors considered by courts, such as the convenience of parties and witnesses and where the claim arose, *Schmidt,* 322 F. Supp.2d at 31-32, weigh in favor of transfer to Maryland because nearly all of the potential witnesses are Maryland residents and all the pertinent events occurred in Maryland. Maryland and the District of Columbia are, however, in close proximity. *Id.* at 34. The public-interest factors considered by courts, on the other hand, weigh unquestionably in favor of transfer. To determine the interests of justice, Courts should consider the relative familiarity of the transferor and transferee courts with the governing law and the local interest in deciding local controversies at home. *Brannen*, 403 F. Supp.2d at 93.[4] A balance of these factors requires transfer to the District of Maryland.

---

[4] The comparative congestion of the transferee and transferor courts is also considered, but MTA does not allege that the District Court for the District of Maryland is less congested.

Though both courts will be equally familiar with the federal statutes at issue, the District for the District of Columbia and the District of Maryland are located in different federal circuits. The U.S. District Court for the District of Maryland is more familiar with the relevant precedents binding upon courts in the Fourth Circuit. As substantially all the events occurred in the Fourth Circuit, the interests of justice require this controversy to be judged under Fourth Circuit precedent. When this is considered along with the fact that the application of Maryland common law will be essential to resolution of this dispute, the District Court for the District of Maryland is a more appropriate forum due to its familiarity with the governing law.

The local interest in deciding local controversies at home, however, is the factor that weighs most heavily in favor of transfer. This lawsuit constitutes a dispute between the State of Maryland and one of its residents. The Plaintiff's allegations arise from a service provided by the State of Maryland for the benefit of its citizens. Maryland residents constitute the vast majority of the ridership of the MARC train. The greater interest of Maryland residents in this dispute is undeniable. Maryland residents deserve the opportunity to judge the activities of their State government. The interests of justice require the adjudication of this dispute by a Maryland court with a pool of Maryland jurors.

Therefore, the convenience of parties and witnesses and the interest of justice require a transfer of this action to the District Court for the District of Maryland if this Court does not dismiss.

### III.   <u>Extension</u>

The Defendants have jointly requested an extension of time from the date of the order related to this motion due to the necessity for the parties to consult with each other and collect information. Further, until this motion is determined, the parties will not know the governing law applicable to this case. An extension of as much as 30 days will not substantially delay this litigation. The Defendants' request for an extension of time is reasonable.

### IV.   <u>Conclusion</u>

Therefore, for the reasons stated above and in the Defendant MTA's Motion to Dismiss for Improper Venue, or in the Alternative, Motion to Transfer, this Court should either dismiss this action or transfer it to the U.S. District Court for the District of Maryland. The U.S. District Court for the District of Columbia has few, if any, meaningful ties to this dispute. The Court should also grant a reasonable extension of time to allow the Defendants to prepare for the next phase of this litigation after the resolution of this request.

Respectfully submitted,


_____/s/_____
Callista M. Freedman
General Counsel
Maryland Transit Administration
6 Saint Paul Street, 12th Floor
Baltimore, Maryland 21202-1614
Telephone: (410) 767-3872
Facsimile: (410) 333-2584
E-mail: cfreedman@mtamaryland.com
D.C. Bar No.: 448471

Attorney for Defendant


8

**PROOF OF SERVICE**

I HEREBY CERTIFY that on this 19th day of December, a copy of the foregoing Response to Plaintiff's Memorandum in Opposition to Motion to Dismiss for Improper Venue, or in the Alternative, Motion to Transfer Venue was served by first class mail, postage prepaid on: Steven C. Kahn, and Clifford Scharman, Law Offices of Steven C. Kahn, 5028 Wisconsin Avenue, N.W., Suite 300, Washington, D.C. 20016, attorneys for Plaintiff; Keith Fischler, Kruchko & Fries, 1750 Tysons Boulevard, Suite 560, McLean, Virginia, 22102, attorney for Co-Defendant N.R.P.C.; and Desmond McIlwain, 60 Massachusetts Avenue, N.E., Washington, D.C. 20002, attorney for Co-Defendant N.R.P.C.


_____/s/_____

Attorney for Defendant