**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

FILED

MAY 2 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| **WILLIAM E. BECKHAM,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civ. Action No. 06-cv-1920 (RJL)** |
| ) | |
| **NATIONAL RAILROAD** ) | |
| **PASSENGER CORP.,** *et al.,* ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

**MEMORANDUM OPINION**
(May 22, 2007)(#5)

William Beckham has sued the National Railroad Passenger Corporation

("Amtrak") and the Maryland Transit Administration ("MTA") for alleged discriminatory

conduct in violation of the Fifth and Fourteenth Amendments, the Civil Rights Acts of

1866 and 1964, 42 U.S.C. §§ 1981, 1983, 2000(a) and state common law.  Currently

before the Court is the MTA's motion to dismiss or, in the alternative, to transfer this

action to the United States District Court for the District of Maryland.[1]  For the following

reasons, the motion to transfer is GRANTED.

**BACKGROUND**

William Beckham is an African-American resident of Maryland who regularly

commutes from his home in Maryland to the District of Columbia on Maryland Rail

---

[1]    Amtrak does not oppose the motion to dismiss or to transfer.  Nat'l R.R. Passenger
Corp. Resp., p. 1

Commuter Service ("MARC") trains operated by Amtrak under an agreement with the MTA. Complaint, ¶ 2. Mr. Beckham has brought suit alleging that on repeated occasions in August and September of 2006 he was discriminated against by Amtrak employees on account of his race.[2] Complaint, ¶ 10-24. According to Mr. Beckham, this discriminatory conduct violated his Fifth and Fourteenth Amendment rights (Count I), violated the Civil Rights Acts of 1866 and 1964 (Counts II-V), and constituted false detention (Count VI) and a breach of the defendants' duty of care (Count VII). Mr. Beckham seeks damages as well as declaratory and injunctive relief.

The MTA has moved to transfer pursuant to 28 U.S.C. § 1404(a), arguing that although MARC trains originate from the District of Columbia, the interests of justice, the convenience of the parties and the convenience of witnesses is better served in the District of Maryland. The Court agrees.

## ANALYSIS

Title 28 of the United States Code § 1404(a) provides that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The statute vests discretion in the district court to adjudicate motions for transfer on an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)(citing *Van Dusen v. Barrack,* 376 U.S. 612

---

[2] Mr. Beckham alleges that on repeated occasions he was ordered off trains by Amtrak personnel for violations of regulations that were not enforced against caucasian passengers.

(1964)).

Under § 1404(a), the moving party bears the burden of establishing that the transfer is proper. See *Trout Unlimited v. Department of Agriculture*, 944 F.Supp. 13, 16 (D.D.C.1996); *Air Line Pilots Ass'n v. Eastern Air Lines*, 672 F.Supp. 525, 526 (D.D.C.1987). To do so, the defendant must show that the plaintiff could have originally brought the action in the proposed transferee district, *Van Dusen*, 376 U.S. at 613, and that considerations of the convenience of the parties, the convenience of the witnesses, and the interests of justice weigh in favor of transfer. *Trout Unlimited*, 944 F.Supp. at 16.

As both the MTA and the plaintiff reside in Maryland and in light of the fact that the alleged discriminatory conduct occurred in Maryland, plaintiff could have originally brought suit in the District of Maryland. Insofar as both the plaintiff and the MTA reside in Maryland and given that Amtrak does not oppose transfer, the convenience of the parties also favors a transfer. Moreover, convenience of the witnesses also favors transfer in light of the fact that MTA officials, the MTA's records and other MARC commuters are all located in Maryland.

Finally, as plaintiff alleges various common law tort claims that allegedly occurred in Maryland, whatever court ultimately decides Mr. Beckham's case will have to apply Maryland law. Since the Maryland federal courts are much more familiar with that law, it is also in the interest of justice to transfer the case to that Court.

Therefore, for all of the reasons stated above, the MTA's motion to transfer the

case to the District of Maryland is GRANTED.

RICHARD J. LEON
United States District Judge